UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY ELDER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HILTON WORLDWIDE HOLDINGS, INC. and HILTON GRAND VACATIONS COMPANY, INC.,<br><br>Defendants. | Case No. 16-cv-00278-TEH<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** |

Now before the Court is Plaintiff's motion for leave to file an amended complaint. ECF No. 45 ("Mot."). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter is suitable for resolution without oral argument, and vacates the March 20, 2017 hearing. For the reasons set forth below, the Court GRANTS Plaintiff's motion.

**BACKGROUND**

Plaintiff, Timothy Elder, filed a complaint against Defendants, Hilton Worldwide Holdings, Inc. and Hilton Grand Vacations Company, Inc., on January 15, 2016. ECF No. 1 ("Compl."). Plaintiff alleges that he and other consumers were "victimized" by Defendants' refusal to honor rebate certificates of $100 or $200 offered as part of the Spend a Night on Us ("SANU") Certificate Program. Compl. at ¶ 1. In response to Defendants' actions, Plaintiff asserts claims for breach of express warranty, breach of implied warranty of merchantability, breach of contract, unjust enrichment, a violation of several California laws,[1] negligent misrepresentation, and fraud. *Id.* at ¶ 2.

On January 23, 2017, through Defendants' response to the first set of interrogatories, Plaintiff learned of the role that Premier Getaway, Inc. ("Premier") and

---

[1] Plaintiff asserts violations of California's Consumers Legal Remedies Act, California's Unfair Competition Law, and California's False Advertising Law. Compl. at ¶ 2.

Blackhawk Engagement Solutions, Inc. ("Blackhawk") play in the SANU Certificate Program. Mot. at 2. In response, Plaintiff filed the present motion along with a proposed First Amended Class Action Complaint. ECF No. 45-1 ("Fisher Decl."). Plaintiff seeks to add two defendants, Premier and Blackhawk, for their involvement in the conduct alleged in the original complaint. Mot. at 1; Fisher Decl. Ex. A. In addition, Plaintiff seeks to add causes of action against the defendants for "aiding and abetting" and "civil conspiracy". Mot. at 1. Defendants filed their Opposition to the motion on February 22, 2017, and Plaintiff filed his Reply on March 01, 2017. ECF No. 45 ("Opp'n"); ECF No. 47 ("Reply").

**LEGAL STANDARD**

After 21 days of a pleading's service date, a party may only amend a pleading by obtaining leave of the court, or by consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Rule 15 advises the court that "leave shall be freely given when justice so requires." *Id*. The Ninth Circuit has stated that "this policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

"Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment, etc." *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Of these so-called *Foman* factors, prejudice is the weightiest and most important. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Evaluation of the *Foman*

factors "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

**DISCUSSION**

Plaintiff's proposed amended complaint does not seek to add any new facts; rather Plaintiff seeks to add two new defendants involved in the program, as well as causes of action related to their participation. Fisher Decl. Ex. A, at ¶ 2-3. Defendants urge the Court to deny Plaintiff's motion on the grounds of futility of the amendment and undue delay. Defendants have not overcome Rule 15(a)'s presumption in favor of granting Plaintiff's leave to amend. Accordingly, the Court GRANTS Plaintiff's motion.

First, there is no strong evidence that adding Premier and Blackhawk as defendants would be futile. Defendants argue that adding Blackhawk would be futile since during the time relevant to the suit, Blackhawk's predecessor, Helgeson Enterprises, Inc., served as the rebate processor, and Blackhawk had "no role" in the program. Opp'n at 2. In addition, Defendants argue that introducing Premier as a defendant would be futile since Premier only "staffed the gifting desks" and had "no involvement in the management or oversight of the SANU program." *Id.* at 3. Contrary to Defendants' position, responses to the first set of interrogatories outline Premier's role in meeting with Hilton guests and presenting them with the certificates, and Blackhawk's role in "receiving and processing" the certificates. ECF No. 47-1, Fisher Decl. Ex. C. In response to identifying the rebate processor for the relevant time period, Plaintiff argues that Blackhawk is the appropriate party as Helgeson's "successor in interest" and the only party that Plaintiff can sue "to recover against Helgeson." Reply at 1. The Court finds that Plaintiff has provided sufficient evidence to support their claim that Premier and Blackhawk were involved in the SANU program. Mot. at 1. Defendants' failure to prove that the amendment would be futile weighs in favor of granting Plaintiff's leave to amend.

3

Second, there is no evidence that Plaintiff has unduly delayed the filing of their proposed amended complaint, or that the proposed amendment will cause undue delay. Plaintiff filed the motion for leave to file an amended complaint on February 08, 2017. Records provided by the Plaintiff demonstrate that a prior email exchange did not disclose the roles of Premier and Blackhawk, and only until the interrogatories were submitted on January 23, 2017 were the roles of Premier and Blackhawk specified. Fisher Decl. Ex. B-C. The Court does not find sixteen days to be an undue delay in bringing forth a motion for leave to amend. Furthermore, even if the certification schedule has to be adjusted by a few weeks, the Court does not find that Defendants have met their burden of showing that Plaintiff's amendment will "unduly complicate and delay resolution of the case." Opp'n at 3. Defendants' opposition due to undue delay is insufficient to overcome the presumption in favor of granting leave to amend.

Further, the rest of the *Foman* factors also weigh in favor of granting leave to amend. *See Foman*, 371 U.S. at 182. First, Plaintiff states that this motion was "proposed in good faith" and has not acted in a way that demonstrates otherwise. Mot. at 1. Second, amendment would not prejudice the Defendants because the proposed amended complaint seeks to only add two new defendants while leaving factual allegations against all defendants "exactly the same." Mot. at 2. Third, Plaintiff has not previously amended their complaint. Under Rule 15(a), a party is entitled to amend their pleading "once as a matter of course," yet a motion for leave is necessary in this case since more than 21 days have passed since the complaint was served. Fed. R. Civ. P. 15(a)(1). Plaintiff was unable to amend his complaint within 21 days because he discovered Premier and Blackhawk's involvement until months after the complaint was served. Fisher Decl. Ex. B-C. Therefore, this constitutes Plaintiff's first amendment to the original complaint.

Accordingly, in light of the foregoing factors, the Court GRANTS Plaintiff's motion for leave to file an amended complaint.

**CONCLUSION**

The Court GRANTS Plaintiff's motion for leave to file an amended complaint. The amended complaint shall be filed no later than **March 22, 2017**.

**IT IS SO ORDERED.**

Dated: 03/14/17                           _____
                                          THELTON E. HENDERSON
                                          United States District Judge