# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Jason F. Hoffman
direct dial: 202.861.1657
jhoffman@bakerlaw.com

January 26, 2018

Magistrate Judge Donna M. Ryu
Oakland Courthouse, Crtrm. 4 - 3rd Floor
1301 Clay Street
Oakland, CA 94612

Re:     *Joint Letter Brief Regarding Defendant Blackhawk Engagement Solutions, Inc.'s Request*
        *for a Stay of Discovery Pending the Outcome on its Motion to Dismiss and Plaintiff's*
        *Opposition and Motion to Compel*

Dear Judge Ryu:

Defendant Blackhawk Engagement Solutions, Inc. ("Blackhawk") and Plaintiff Timothy Elder
("Plaintiff") respectfully submit this Joint Letter Brief regarding Blackhawk's request for a stay
of discovery pending the Court's ruling on Blackhawk's Motion to Dismiss ("MTD") and
Plaintiff's opposition to a stay and motion to compel.[1]

## I.      RELEVANT CASE MANAGEMENT DEADLINES

- Deadline to add parties or amend the pleadings: December 15, 2017
- Settlement Conference before Judge Spero:  February 8, 2018[2]
- Hearing on Blackhawk's MTD (and Premier's MTD): March 22, 2018[3]
- Class Certification Expert Disclosures: March 30, 2018
- Class Certification Expert Rebuttal: April 13, 2018
- Class Certification Expert Discovery Cut-Off: April 27, 2018
- Class Certification Motion Filing Deadline: May 9, 2018
- Opposition to Class Certification Filing Deadline: June 9, 2018
- Reply to Class Certification Motion Filing Deadline: July 8, 2018

---

[1] Blackhawk objects to Plaintiff's attempt to convert its request for a stay into a motion to compel.  The five-page
limit precludes Blackhawk from adequately addressing both the stay and the motion to compel.  Further, because
Blackhawk agreed in its responses that it would produce non-privileged, responsive documents if its MTD was
denied (*see* Jt. Exhibit 1), the motion to compel is premature.

[2] Plaintiff and Hilton informed Judge Spero that Blackhawk's presence at the Settlement Conference is unnecessary
because any settlement between Plaintiff and Hilton would extinguish any claim against Blackhawk.

[3] Originally noticed for 2/22. Plaintiff requested to continue his opposition deadline on Premier's MTD. In response,
on 1/25, the Court set a hearing date of 3/22 for both Blackhawk's and Premier's MTD. (Dkt. Nos. 112 & 113.)

*Atlanta     Chicago     Cincinnati     Cleveland     Columbus     Costa Mesa     Denver*
*Houston     Los Angeles     New York     Orlando     Philadelphia     Seattle     Washington, DC*

Magistrate Judge Donna M. Ryu
January 26, 2018
Page 2

## II.    BLACKHAWK'S POSITION

Blackhawk respectfully requests that the Court stay discovery with respect to Blackhawk during the pendency of Blackhawk's MTD.

### A.    Blackhawk's Motion to Dismiss

On April 19, 2017, Blackhawk filed its MTD regarding the five causes of action Plaintiff asserted against Blackhawk in his First Amended Complaint ("FAC").[4] (Dkt. 55, 63.) Although Blackhawk's MTD was set to be heard on June 5, 2017, Plaintiff requested a continuance of its opposition deadline pending settlement discussions with Defendant Hilton, which Blackhawk agreed to and the Court approved. (Dkt. 66, 67.)

On May 15, 2017, the parties notified the Court that Plaintiff and Hilton had settled the matter and filed a stipulation to extend "[t]he pending deadlines for all parties…until 20 days after the motion for preliminary approval of the settlement has been decided." (Dkt. No. 70.) Therefore, Plaintiff's Opposition to Blackhawk's MTD was due 20 days after the motion for preliminary approval was decided (assuming the Court did not grant the motion).

However, on November 14, 2017, Plaintiff "withdrew his motion for preliminary approval," (Dkt. 86), making Plaintiff's opposition to Blackhawk's MTD due on December 4, 2017. Plaintiff did not timely file his Opposition. Instead, Plaintiff again requested that Blackhawk stipulate to an amended briefing schedule, making Plaintiff's deadline to file its opposition January 15, 2018.  Blackhawk agreed to Plaintiff's request because Blackhawk believed the extra time would allow Plaintiff and Hilton to reach a settlement that the Court would approve. The hearing on Blackhawk's MTD was set for February 22, 2018 (Dkt. 98), but was continued to March 22, 2018 as a result of yet another request for extension from Plaintiff. (Dkts. 112 & 113.)

### B.    Plaintiff's Requests for Production of Documents

On December 21, 2017, after Blackhawk had agreed to Plaintiff's multiple requests for extensions, after the Case Management Conference ("CMC")[5], and more than six months after Blackhawk's MTD was set to be heard, Plaintiff served on Blackhawk Requests for Production of Documents ("Requests").[6] Given the length of time between when Blackhawk filed its MTD and when Plaintiff served the Requests and the understanding that all parties were attempting to settle the matter, Blackhawk was taken aback by the Requests. Blackhawk reached out to Plaintiff's counsel on January 16, 2018 to request a stay of discovery pending the resolution of Blackhawk's MTD or, roughly, thirty days.[7] Blackhawk agreed that if its MTD was denied, it

---

[4] The five causes of action are: (1) Violation of the UCL, (2) Violation of the FAL, (3) Fraud, (4) Aiding and Abetting, and (5) Civil Conspiracy. (Dkt. 55.)

[5] Plaintiff argues that Blackhawk should have raised the possibility of a stay at the CMC.  However, Plaintiff did not serve his Requests until eight days after the CMC.

[6] Blackhawk notes that Plaintiff has not served any Initial Disclosures alleging Blackhawk has discoverable information (On 1/25, Elder served a version from October 2016).  Indeed, prior to receiving Plaintiff's portion of this letter brief, Blackhawk was unaware that the parties had completed a Rule 26(f) conference.

[7] Unbeknownst to Blackhawk, Plaintiff had already agreed to continue Premier's deadline to respond to Plaintiff's

Magistrate Judge Donna M. Ryu
January 26, 2018
Page 3

would produce non-privileged documents responsive to the Requests. (*See* Jt. Exhibit 1.)

Nevertheless, Plaintiff refused to agree to the short stay. During the meet and confer held on January 19, Plaintiff claimed that he would get the documents one way or another (*i.e.*, through the Requests or through subpoena), so the stay would do nothing more than slow the litigation, an argument contrary to Plaintiff's repeated requests for extensions granted by Blackhawk and Plaintiff's 30-day extension of Premier's deadline to respond to Plaintiff's RFPs.

### C.   The Court Should Grant a Stay Pending its Ruling on the Motion to Dismiss

When considering whether to stay discovery pending a motion to dismiss, courts apply a two-pronged analysis. *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp*., No. S-07-142, 2007 WL 1146607, at *1 (E.D. Cal. Apr. 18, 2007), as amended (Apr. 19, 2007). First, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* Second, "the court must determine whether the pending dispositive motion can be decided absent additional discovery." *Id.*

Both prongs are met here. Blackhawk has moved to dismiss all five counts asserted against Blackhawk in the FAC. If granted, Blackhawk would be dismissed from the case. In addition, Plaintiff cannot allege that discovery is necessary for the resolution of Blackhawk's MTD. The Court's consideration is limited to the allegations in the FAC. *Michael v. New Century Fin. Servs.*, 65 F. Supp. 3d 797, 803 (N.D. Cal. 2014).

Courts often preclude a plaintiff from conducting discovery until he has stated an actionable claim against the defendant.[8] This is especially true when a plaintiff, like Plaintiff here, claims that the defendant acted fraudulently. *See Modglin v. DJO Glob. Inc.,* No. 12-CV-7152, 2014 WL 12564275, at *3 (C.D. Cal. Feb. 20, 2014). In *Mueller v. Walgreen Corp.*, the court explained that "one purpose of Rule 9(b) particularity requirements is to inhibit the filing of a complaint as a pretext for the discovery of unknown wrongs." 175 F.R.D. 638, 639 (N.D. Cal. 1997). Claims alleging fraudulent conduct "require[] that the plaintiff, prior to filing his claim, possess a reasonable belief based upon articulable facts that a wrong has occurred. The claim itself cannot be used as a means for discovering that wrong." *Id.* For this reason, California district courts have found it proper to stay discovery until the court has decided whether the complaint satisfies the heightened pleading requirements of Rule 9(b). *See Modglin*, at *6.

Given the case law, Plaintiff Elder's delay in responding to Blackhawk's MTD, as well as the short nature of the requested stay, Blackhawk respectfully requests a stay of discovery pending the Court's decision on the Motion to Dismiss.

---

RFPs by 30 days—almost the exact amount of time of the requested stay.

[8] *See, e.g, Song Fi, Inc. v. Google, Inc*., No. C 14-5080 CW, 2016 WL 9185325, at *1 (N.D. Cal. Apr. 27, 2016) (staying discovery "until Defendants file an answer…or, if Defendants file a motion to dismiss, a claim survives the motion"); *Hall v. Apollo Grp., Inc.*, No. 14-CV-01404-LHK, 2014 WL 4354420, at *7 (N.D. Cal. Sept. 2, 2014) (staying discovery until "[plaintiff] files a complaint that can at least partially withstand a motion to dismiss"); *In re Wyse Tech. Sec. Litig.*, 744 F. Supp. 207, 210 (N.D. Cal. 1990) (staying discovery because "[d]iscovery…is not a vehicle for uncovering the claim themselves.").

Magistrate Judge Donna M. Ryu
January 26, 2018
Page 4

## III.    PLAINTIFF'S OPPOSITION AND MOTION TO COMPEL

Blackhawk has not shown good cause for a stay of all discovery and it should be compelled to promptly respond to Plaintiff's Requests for Production of Documents ("RFPs"). Blackhawk has also failed to provide Initial Disclosures and should be compelled to do so.[9] Blackhawk's Initial Disclosures were due on December 21, 2017.

### A.    Blackhawk Has Not Demonstrated That a Stay of Discovery Is Warranted

Blackhawk must show "a particular and specific need" for a stay of discovery beyond the mere pendency of a motion to dismiss. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). Blackhawk has not done so. As Judge Tigar explained, "the pendency of a motion to dismiss is not ordinarily a reason to stay discovery." *Rheumatology Diagnostics Lab, Inc. v. Aetna, Inc.,* 2013 U.S. Dist. LEXIS 61848, at *5 (N.D. Cal. April 30, 2013). "It is an argument that any defendant facing a motion to dismiss could make." *Id*.

Under settled law in the Northern District of California, Blackhawk's request for a stay of discovery is insufficient and should be denied. In *Rheumatology Diagnostics,* Judge Tigar summarized the law pertaining to requests for a stay of discovery as follows:

> A party may seek a protective order that stays discovery pending resolution of a potentially dispositive motion such as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). However . . . the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Indeed, district courts look unfavorably upon such blanket stays of discovery. Additionally, a motion for a protective order seeking to preclude discovery must be supported by "good cause" and a "strong showing." "[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery."

2013 U.S. Dist. LEXIS 61848, at *4-5 (citations omitted).

Here, Blackhawk's request fails to set forth any legitimate basis for Blackhawk to avoid responding to Plaintiff's RFPs and producing its initial disclosures.

### B.    Plaintiff's Entitlement to the Basic Information Sought Cannot Be Disputed

Plaintiff's RFPs ask for the same basic information that Plaintiff has **repeatedly requested of Blackhawk.** For example, during the parties' Rule 26 conference last December, Plaintiff requested information concerning the documents and databases that contain Blackhawk's discoverable information. Blackhawk refused to provide any information. Plaintiff requested that

---

[9] Plaintiff served its Initial Disclosures in October of 2016, before Blackhawk had been added to the case. At Blackhawk's request, made for the first time in this filing, Plaintiff served a copy on Blackhawk on January 25, 2018.

Magistrate Judge Donna M. Ryu
January 26, 2018
Page 5

Blackhawk determine whether Blackhawk retained the rejected Certificates – information that Blackhawk should have known prior to the Rule 26 conference last December. Blackhawk would not provide the information.

Blackhawk's refusal to provide initial disclosures and basic discovery to Plaintiff cannot be supported. Plaintiff's entitlement to basic information from Blackhawk regarding its role in Hilton's Certificate program will not be impacted by the outcome of the pending motion to dismiss. Even if Blackhawk were not a party to this case, Blackhawk would still be required to produce the relevant information in its possession.

**C.  Blackhawk Failed to Request a Stay During the Case Management Conference with Judge Tigar, Agreed to the Deadlines Set by the Court and Its Now Untimely Request Should be Denied**

Prior to the December 13, 2017 Case Management Conference, the parties exchanged drafts of a Case Management Conference ("CMC") Statement to be submitted to the Court. In the Statement, Blackhawk proposed that Plaintiff file his motion for class certification by no later than May 9, 2018. Blackhawk did not note in the CMC Statement that it intended to request a stay of discovery, although its pending motion to dismiss is mentioned.

Plaintiff's counsel advised Blackhawk prior to the CMC that Plaintiff would not agree to stay discovery, and requested that Blackhawk advise the Court during the CMC if Blackhawk intended to seek a stay. Blackhawk did not do so. The Court accepted the class certification deadlines proposed by Blackhawk and the other Defendants and rejected Plaintiff's earlier proposed deadlines. The Court also set discovery deadlines, including expert disclosures, again **without hearing any request from Blackhawk** for a stay of discovery.

After the schedule had been set by the Court, Plaintiff heard nothing more from Blackhawk until January 16, 2018, a few days before its responses to Plaintiff's RFPs were due. Blackhawk's failure to respond is prejudicial to Plaintiff's ability to prosecute this case in accordance with the Court's schedule.

**D.  Blackhawk Should Be Compelled to Respond to Plaintiff's Discovery Demands**

Blackhawk wrongfully objected and refused to answer each of Plaintiff's RFPs on the grounds that a motion to dismiss is pending. (*See* Jt. Exhibit 1) Blackhawk did not seek a protective order prior to the date when its responses were due. The mere filing of a motion to stay does not effect a stay. *See, e.g., Tinsley v. Kemp*, 750 F. Supp. 1001, 1013 (W.D. Mo. 1990) ("[B]y refusing to comply with discovery merely because a motion to stay is pending, a party effectively is granting its own motion to stay - even before the court has ruled. Such a phenomenon would reduce a court's orders to useless and senseless formalities."). Accordingly, Plaintiff requests that the Court strike Blackhawk's objections, deny its request for a stay of discovery, and order it to produce responsive documents promptly.

Magistrate Judge Donna M. Ryu
January 26, 2018
Page 6


By signing below, the parties certify that they met and conferred regarding the issues set forth in this Joint Letter by email and by telephone on January 19, 2018 but were unable to reach agreement.


Respectfully Submitted,



/s/ Jason F. Hoffman                                        /s/ L. Timothy Fisher
Jason F. Hoffman                                           L. Timothy Fisher

/s/ Matthew D. Pearson                                     /s/ Jana Eisinger
Matthew D. Pearson                                         Jana Eisinger

Attorneys for Defendant                                    Attorneys for Plaintiff
Blackhawk Engagement Solutions, Inc.                       Timothy Elder